IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CYNTHIA WARMBIER**, individually and as personal representative of the Estate of Otto Warmbier, <br><br>**FREDERICK WARMBIER**, individually and as personal representative of the Estate of Otto Warmbier, <br><br>    Plaintiffs, <br><br>v. <br><br>**DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA**, <br><br>    Defendant. | Civil Case No. 1:18-cv-00977 (BAH) |

## MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Pursuant to this Court's Local Civil Rule 5.1(h), Plaintiffs respectfully request leave to file Under Seal the bills documenting Otto Warmbier's medical expenses in support of Plaintiffs' Motion for Default Judgment. These bills reveal a large amount of information pertaining to the medical treatment of Otto Warmbier in June 2017. In weighing a motion to file Under Seal, the Court should weigh six factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

1

In the case of personal medical records, these factors justify sealing the relevant documents and outweigh the general presumption of public access to judicial proceedings. *Hardaway v. District of Columbia Housing Authority*, 843 F.3d 973, 980-81 (D.C. Cir. 2016). The records reflected in the declaration have not been made public before, and there is no public need for access to a specific and detailed description of Otto Warmbier's medical treatment that includes details not relevant to this litigation. *Id.* Plaintiffs, who oppose disclosure, possesses a strong privacy interest in keeping these details of the medical treatment of the last few days of their son Otto Warmbier's life confidential. Defendant North Korea is in default and thus will not object to this motion.

For all of these reasons, Plaintiffs respectfully request that this Court grant this Motion.

Dated: December 21, 2018

Respectfully submitted,

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch (D.C. Bar # 1044804)
bhatch@mcguirewoods.com
E. Rebecca Gantt (D.C. Bar # 988752)
rgantt@mcguirewoods.com
McGuireWoods LLP
World Trade Center
101 W. Main St.
Suite 9000
Norfolk, VA 23510
Tel: 757 640 3727
Fax: 757 640 3947

Richard Cullen (admitted *pro hac vice*)
rcullen@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal St.
Richmond, VA 23219
Tel: 804 775 1009
Fax: 804 698 2035

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CYNTHIA WARMBIER, individually and as personal representative of the Estate of Otto Warmbier**, <br><br>**FREDERICK WARMBIER, individually and as personal representative of the Estate of Otto Warmbier**, <br><br>Plaintiffs, <br><br>v. <br><br>**DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA**, <br><br>Defendant. | Civil Case No. 1:18-cv-00977 (BAH) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion for Leave to File Under Seal the bills documenting Otto Warmbier's medical expenses in support of Plaintiffs' Motion for Default Judgment, it is

**HEREBY ORDERED** that the Plaintiff's Motion for Leave is **GRANTED.**

**IT IS SO ORDERED.**

Dated: _____   _____
Chief Judge Beryl A. Howell
United States District Court

1