# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CYNTHIA WARMBIER, individually and as personal representative of the Estate of Otto Warmbier**,<br><br>**FREDERICK WARMBIER, individually and as personal representative of the Estate of Otto Warmbier**,<br><br>    Plaintiffs,<br><br>v.<br><br>**DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA**,<br><br>    Defendant. | Civil Case No. 1:18-cv-00977 (BAH) |

## PLAINTIFFS' MOTION FOR ORDER UNDER 28 U.S.C. § 1610(c) AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Pursuant to 28 U.S.C. § 1610(c), Plaintiffs Cynthia and Frederick Warmbier, individual and as representatives of the Estate of their son Otto Warmbier, hereby move this Court for an order authorizing enforcement of the final judgment this Court entered on December 24, 2018. This judgment was served on Defendant the Democratic People's Republic of Korea ("North Korea") on February 14, 2019 under 28 U.S.C. § 1608(e).  Three months have elapsed since the entry of judgment and five weeks have elapsed since service, and Defendant have not made any efforts to satisfy the judgment.  Because "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice," entry of an order authorizing enforcement of the final judgment is appropriate.

## PROCEDURAL BACKGROUND

On December 24, 2018, this Court entered a final default judgment against North Korea in the amount of $501,134,683.80.  (Order at ECF No. 24, Opinion at ECF No. 25).  On January 8, 2019, Plaintiff requested this Court to effect service of the Order and Opinion, together with a translation of each into Korean, the official language of North Korea, via DHL to the head of the ministry of foreign affairs.  (ECF No. 27).  The Court mailed those documents on January 16, 2019 (ECF No. 28), and the tracking information accompanying the DHL Waybill (ECF No. 28-1) indicates that the documents were received and signed for by an individual named Kim Sung Won on February 14, 2019.  (Exhibit A).

## ARGUMENT

Under 28 U.S.C. § 1610(c), "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter."  Accordingly, under this provision, Plaintiffs must show that 1) notice was properly given under 28 U.S.C. § 1608(e), and 2) a reasonable period of time has elapsed following entry of judgment and service of the judgment.

Both requirements have been satisfied here.  First, Defendant was properly served under 28 U.S.C. § 1608(e).  That provision states that a copy of a default judgment entered against a foreign state under the Foreign Sovereign Immunities Act ("FSIA") "shall be sent to the foreign state . . . in the manner prescribed for service in this section."  As this Court held in its Opinion, service of North Korea is proper under the method set forth in Section 1608(a)(3).  Op. 33-34.  That provision directs sending the relevant documents "together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be

2

addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." As with the complaint and default judgment, "the necessary papers were mailed through DHL and delivered to North Korea." Op. 34; Ex. A. Thus, notice was properly given.[1]

Second, a reasonable period of time has elapsed since entry of the judgment on December 24, 2018, and service of that judgment on North Korea of February 14, 2019. Since that time, North Korea has made no effort to satisfy the judgment or made any indication that it intends to do so. The three months since the judgment and nearly six weeks as of the time of this filing constitute a "reasonable" time under this Court's precedents. *See, e.g., Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F.Supp.2d. 64, 67 (D.D.C.2001) (finding that six weeks was sufficient time given the facts of the case and noting that other courts have found two or three months sufficient); *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011) ("This court has repeatedly found that a period of a few months satisfies the time requirement of § 1610(c)."); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8-9 (D.D.C. 2015) ("In the absence of any evidence that the defendants are making efforts to pay these judgments

---

[1] North Korea accepted and signed the Court's mailing on February 14, 2019. Eleven days later, on February 25, 2019, North Korea created a new DHL Waybill and mailed the package back to the Court. *Compare* ECF No. 30 (Court scan of exterior of package with DHL Waybill Number 8643645323) *with* Exhibit B (tracking information for that Waybill Number) *with* Exhibit A (tracking information for the original and separate Waybill Number 1972256204). The clerk sent the package to counsel, and the package included the documents and what appeared to be the original DHL envelope, which was opened, inside a new DHL envelope.

Although the clerk's docket entry for the package North Korea mailed to it was "mail returned as undeliverable," the package was in fact delivered and signed for, and service was effective when North Korea originally received and signed for the documents. *E.g.*, *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22, 38 (D.D.C. 2016). North Korea's deliberate action to create a new mailing and send the documents to the Court a week and a half after accepting them only confirms its notice of the documents.

voluntarily—and there is none here—the Court is inclined to find three months a sufficient pause.").

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that this Court grant this Motion and enter the Proposed Order attached to this Motion.

Dated: March 26, 2019

Respectfully submitted,

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch (D.C. Bar # 1044804)
bhatch@mcguirewoods.com
E. Rebecca Gantt (D.C. Bar # 988752)
rgantt@mcguirewoods.com
MCGUIREWOODS LLP
World Trade Center
101 W. Main St.
Suite 9000
Norfolk, VA 23510
Tel: 757 640 3727
Fax: 757 640 3947

Richard Cullen (admitted *pro hac vice*)
rcullen@mcguirewoods.com
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal St.
Richmond, VA 23219
Tel: 804 775 1009
Fax: 804 698 2035

*Counsel for Plaintiffs*