UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WARMBIER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, <br><br> Defendant. | Civil Action No. 18-977 (BAH) <br><br> Chief Judge Beryl A. Howell |

# ORDER

Otto Warmbier's parents, Frederick and Cynthia Warmbier, filed this action individually and as personal representatives of Otto's estate, under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.*, against the Democratic People's Republic of Korea ("North Korea") for its torture, hostage taking, and extrajudicial killing of Otto.  The plaintiffs obtained a default judgment against North Korea over three months ago, on December 24, 2018, pursuant to the FSIA's terrorism exception to foreign sovereign immunity, section 1605A.  *See Warmbier v. Democratic People's Republic of Korea*, 356 F. Supp. 3d 30 (D.D.C. 2018) ("Default J. Mem. Op."); Order Granting Mot. for Default J., ECF No. 24.  The plaintiffs now seek an order authorizing enforcement of that judgment, pursuant to the FSIA's section 1610(c).  *See* Pls.' Mot. for Order Under 28 U.S.C. § 1610(c) & Mem. Supp. Mot. ("Pls.' Mot.") at 1, ECF No. 31.

The FSIA bars any "attachment or execution" against certain foreign property "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)." 28 U.S.C. § 1610(c).  In accordance with this statutory direction, the plaintiffs request that this Court find that (1) "notice was properly given under 28 U.S.C. §

1

1608(e)," and (2) "a reasonable period of time has elapsed following entry of judgment and service of the judgment." Pls.' Mot. at 2. For the reasons discussed below, the plaintiffs' Motion is granted.

At the outset, the plaintiffs have not described the property against which attachment or execution is sought, but "[s]uch a description is not required." *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90, 101 (D.D.C. 2011). "A § 1610(c) order in this case serves only to determine (1) that a reasonable period of time has elapsed following entry of judgment, and (2) that any notice required under § 1608(e) has been given. Execution of the judgment with respect to any particular property requires a separate judicial determination that the property at issue falls within one of the exceptions to immunity." *Id.* at 101–02 (citing *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 270–71 (D.D.C. 2011)); *accord BCB Holdings Ltd. v. Gov't of Belize*, 232 F. Supp. 3d 28, 34 (D.D.C. 2017); *see also Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 825 (2018) ("[I]ndividuals with § 1605A judgments against a foreign state must primarily invoke other provisions revoking the grant of immunity for property related to commercial activity . . . unless the property is expressly carved out in an exception . . . .").

The plaintiffs have satisfied the statutory prerequisites for issuance of a section 1610(c) order. First, North Korea has properly been given notice pursuant to section 1608(e), which requires that a copy of the default judgment entered against a foreign state under the FSIA "be sent to the foreign state . . . in the manner prescribed for service" of the summons and complaint, which, in this case, was pursuant to section 1608(a)(3). *See* Default J. Mem. Op. at 54. Section 1608(a)(3) directs sending the relevant documents "together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be

addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned."

Here, the Clerk of the Court mailed the necessary documents, via DHL to the head of the Ministry of Foreign Affairs in North Korea on January 16, 2019.  *See* Clerk's Certificate of Mailing, ECF No. 28.  Service of the judgment was effective when North Korea received and signed for the documents approximately one month later, on February 14, 2019.  *See* Pls.' Mot., Ex. A, DHL Tracking for Clerk's Mailing with Waybill Number 1972256204 ("DHL Tracking for Clerk's Mailing"), ECF No. 31-1 (showing package was "[d]elivered" and "[s]igned for"); *see also Republic of Sudan v. Harrison*, No. 16-1094, 2019 WL 1333259, at *5 (U.S. Mar. 26, 2019) ("We assume that certified mail sent to a foreign minister will generally be signed for by a subordinate, but the person who signs for the minister's certified mail in the foreign ministry itself presumably has authority to receive mail on the minister's behalf . . . .").

Although the package was subsequently returned to the Court and docketed as "[u]ndeliverable," *see* Notice of Returned Mail, ECF No. 30, the plaintiffs have shown that, in fact, North Korea received and signed for the package, *see* Pls.' Mot. at 3 n.1 (citing DHL Tracking for Clerk's Mailing).  Then, eleven days after receipt, North Korea "created a new DHL Waybill and mailed the package back."  *Id.* (citing Pls.' Mot., Ex. B, DHL Tracking for North Korea's Return Mail with New Waybill Number 8643645323, ECF No. 31-2; Notice of Returned Mail (showing a "new DHL envelope," evidenced by a new Waybill number, which envelope apparently contained "the original DHL envelope," opened)).  As the plaintiffs correctly note, "North Korea's deliberate action to create a new mailing and send the documents to the Court . . . after accepting them only confirms its notice of the documents."  *Id.*

3

Second, approximately three and one-half months have elapsed since the December 24, 2018 Order granting the plaintiffs' Motion for Default Judgment, and approximately two months have passed since North Korea received notice on February 14, 2019. This is a "reasonable period of time" under section 1610(c). *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16-cv-661 (RC), 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (finding two months reasonable and collecting cases); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015) ("[C]ourts have found periods of three months and less reasonable." (collecting cases)); *Baker*, 810 F. Supp. 2d at 101 (finding a "period of a few months" reasonable). This time period is particularly reasonable where North Korea has made no efforts to satisfy the judgment. *See Crystallex Int'l Corp.*, 2017 WL 6349729, at *1. To the contrary, North Korea mailed the judgment back, demonstrating its intention "to evade its obligation." *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (finding 1.5 months reasonable, in part because there was "no evidence that the defendant ha[d] taken any steps towards the payment of its debt," and "at least some evidence that the defendant is actually attempting to evade its obligation"). Thus, "a reasonable period of time has elapsed" under section 1610(c).

For the foregoing reasons, upon consideration of the plaintiffs' Motion for Order Under 28 U.S.C. § 1610(c), ECF No. 31, the related legal memorandum in support thereof, the exhibits attached thereto, and the entire record herein, for the reasons stated in this Order, it is hereby

**ORDERED** that the plaintiffs' Motion, ECF No. 31, is **GRANTED**; and it is further

**ORDERED** that, based on the Court's findings that North Korea was properly given notice on February 14, 2019 of the December 24, 2018 Order entering final judgment, ECF No. 24, in accordance with 28 U.S.C. § 1608(e), and "that a reasonable period of time has elapsed

following the entry of judgment and the giving of . . . notice," *id.* § 1610(c), the plaintiffs may now seek attachment or execution, pursuant to *id.* §§ 1610(a)–(b), to satisfy this Court's judgment.

**SO ORDERED**.

Date: April 9, 2019

_____
BERYL A. HOWELL
Chief Judge