UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYNTHIA WARMBIER, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) Case No. 1:18-cv-977 (BAH) |
| v. | ) |
| | ) |
| DEMOCRATIC PEOPLE'S REPUBLIC | ) |
| OF KOREA, | ) |
| | ) |
| *Defendant.* | ) |

## **UNOPPOSED MOTION FOR PROTECTIVE ORDER**

Plaintiffs Cynthia Warmbier and Frederick Warmbier hereby move for entry of a protective order authorizing the disclosure of certain information responsive to subpoenas issued by Plaintiffs in the above-captioned matter to non-party respondent banks, including Wells Fargo Bank, N.A., JPMorgan Chase Bank, N.A. and the Bank of New York Mellon (collectively, the "Banks"). The undersigned counsel has conferred with counsels for the Banks, who stated that the Banks consent to the relief requested in this motion.

### **INTRODUCTION**

Plaintiffs hold a judgment issued by this Court against Defendant in this matter. *See* Order, Dec. 24, 2018, ECF No. 24; Exhibit B ("Order"), attached hereto. In February 2020, Plaintiffs issued third-party subpoenas to the Banks seeking certain information from the Banks regarding the Defendant, including, "a list of all accounts holding" blocked funds belonging to the Defendant, "together with each account number, name and address of each account holder, and exact amount in each account that was blocked." *See* Exhibit A ("Plaintiffs' subpoenas"), attached hereto. The subpoenas also sought the reason why such funds were blocked pursuant to

North Korea Sanctions Regulation, 31 C.F.R. part 510 and the Weapons of Mass Destruction

Proliferators Sanctions Regulations with a nexus to North Korea, 31 C.F.R. part 544. *Id.* Lastly,

the Plaintiffs sought information about accounts held by or related to accounts held by the

Democratic People's Republic of Korea and/or an agency or instrumentality thereof. *Id.*

The Banks have agreed to provide Plaintiffs with certain information responsive to

Plaintiffs' subpoenas and have no objection to the use of that information in judgment collection

efforts in relation to this case, subject to a protective order from this Court. Without a protective

order, the release of this information might reveal the confidential information of the Banks'

customers. Thus, while Plaintiffs do not waive any right, privilege, or immunity to which they

may be entitled, they respectfully request that the Court authorize the disclosure of information

responsive to Plaintiffs' subpoenas via the attached proposed protective order.[1] *See* Exhibit C.

## ARGUMENT

### THE PROPOSED PROTECTIVE ORDER SHOULD BE ENTERED

Protective orders regarding the confidentiality of discovery materials are governed by

Federal Rules of Civil Procedure Rule 26(c), which states that the Court "may, for good cause,

issue an order to protect a party of person from annoyance, embarrassment, oppression, or undue

burden or expense . . ." Section 26(c)(G) allows the Court to issue a protective order "requiring

that a trade secret or other confidential research, development, or commercial information not be

revealed or be revealed only in a specified way."

Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs and all affected nonparties agree to the

Proposed Protective Order to govern the confidentiality designation of discovery materials. The

---

[1] As noted in the proposed protective order, the Court's entry of that order will resolve only the question of whether disclosure is authorized. It does not constitute a determination as to any other privilege or immunity Plaintiffs or any other entity may have as to any information potentially responsive to Plaintiffs' subpoena or any other objection Plaintiffs or any other entity may have to Plaintiffs' subpoenas.

Proposed Protective Order should be entered because certain information that the Banks have agreed to provide to the Plaintiffs may include confidential customer information such as transactions history and account information.  *See In re ULLICO Inc., Litigation*, 237 F.R.D. 314, 317 (D.D.C. 2006) (discussing stipulated protective order regarding "confidential" documents); *Edwards v. Gordon & Co.*, 94 F.R.D. 584, 586-87 (D.D.C. 1982) (approving protective order's restriction on confidential information concerning "account records of option and securities customers" of a bank).  Because Plaintiffs' subpoena request for records may pertain to the confidential information of the Banks' customers, the Court should grant the Proposed Protective Order based on good cause.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs request that this Court enter the attached Proposed Protective Order authorizing the Banks to disclose certain information in response to Plaintiffs' subpoenas.

Dated: May 8, 2020

Respectfully submitted,

By:   /s/ Justin M. Sher
        Justin M. Sher


90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2638

*Attorneys for Plaintiffs*

EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Cynthia Warmbier, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Democratic People's Republic of Korea | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No. 18-977 (BAH)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Wells Fargo Bank, National Association
401 S. Tryon Street, 26th Floor, MAC D1050-262, Charlotte, NC 28202

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A, which is attached and incorporated by reference as though fully set forth herein.

| | |
|---|---|
| Place: Sher Tremonte LLP<br>c/o A. William Roberts, Jr. & Associates<br>6135 Park South Drive, Suite 510, Charlotte, NC, 28217 | Date and Time:<br><br>02/03/2020 9:00 am |

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/10/2020

_CLERK OF COURT_

OR

_____          /s/ Justin Sher
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiffs
Cynthia Warmbier and Frederick Warmbier                    , who issues or requests this subpoena, are:
Justin Sher, Sher Tremonte LLP, 90 Broad Street, Fl. 23, NY, NY 10024, 212-202-2651, jsher@shertremonte.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  18-977 (BAH)

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

1.     In connection with the $2,940,000.00 blocked under the North Korea Sanctions Regulations, 31 C.F.R. part 510 and the $70,000.00 blocked under the Weapons of Mass Destruction Proliferators Sanctions Regulations with a nexus to North Korea, 31 C.F.R. part 544, in the aggregate sum of $3,010,000.00 (the "Blocked Funds"), please provide a list of all accounts holding such Blocked Funds, together with each account number, name and address of each account holder, and exact amount in each account that was blocked.

2.     For each dollar amount of the Blocked Funds, please state the reason why such funds are blocked pursuant to the North Korea Sanctions Regulations, 31 C.F.R. part 510 and the Weapons of Mass Destruction Proliferators Sanctions Regulations with a nexus to North Korea, 31 C.F.R. part 544, including a reference to the specific provision(s) of the statute, as applicable. Please provide a brief summary of all information upon which such determination was made.

3.     a.      For each account identified in response to Question 1 above where the account holder(s) are the Democratic People's Republic of Korea and/or an agency or instrumentality thereof, state whether you have any information that any other person or entity has an interest in any of the Blocked Funds contained in such account and provide a brief summary of the information upon which that determination was based.

        b.      For each account identified in response to Question 1 where the account holder(s) are not the Democratic People's Republic of Korea and/or an agency or instrumentality thereof, state whether you have any information that the Democratic People's Republic of Korea, or any agency or instrumentality thereof, has an interest in any of the Blocked Funds contained in such account and provide a brief summary of the information upon which that determination was based.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Cynthia Warmbier, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  18-977 (BAH) |
| Democratic People's Republic of Korea | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          JPMorgan Chase Bank, National Association
                   270 Park Avenue, NY, NY 10017

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A, which is attached and incorporated by reference as though fully set forth herein.

| Place: Sher Tremonte LLP | Date and Time: |
|---|---|
| 90 Broad Street, 23rd Floor | |
| NY, NY 10004 | 02/03/2020 9:00 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        01/10/2020

CLERK OF COURT

                                                                              OR

_____              /s/ Justin Sher
_Signature of Clerk or Deputy Clerk_                    _____
                                                                                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ ___Plaintiffs___
Cynthia Warmbier and Frederick Warmbier_____ , who issues or requests this subpoena, are:

Justin Sher, Sher Tremonte LLP, 90 Broad Street, Fl. 23, NY, NY 10024, 212-202-2651, jsher@shertremonte.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   18-977 (BAH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                *Server's signature*

                                        _____
                                                *Printed name and title*

                                        _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

1.   In connection with the $17,570,000.00 blocked under the North Korea Sanctions Regulations, 31 C.F.R. part 510 (the "Blocked Funds"), please provide a list of all accounts holding such Blocked Funds, together with each account number, name and address of each account holder, and exact amount in each account that was blocked.

2.   For each dollar amount of the Blocked Funds, please state the reason why such funds are blocked pursuant to the North Korea Sanctions Regulations, 31 C.F.R. part 510, including a reference to the specific provision(s) of the statute, as applicable. Please provide a brief summary of all information upon which such determination was made.

3.   a.   For each account identified in response to Question 1 above where the account holder(s) are the Democratic People's Republic of Korea and/or an agency or instrumentality thereof, state whether you have any information that any other person or entity has an interest in any of the Blocked Funds contained in such account and provide a brief summary of the information upon which that determination was based.

   b.   For each account identified in response to Question 1 where the account holder(s) are not the Democratic People's Republic of Korea and/or an agency or instrumentality thereof, state whether you have any information that the Democratic People's Republic of Korea, or any agency or instrumentality thereof, has an interest in any of the Blocked Funds contained in such account and provide a brief summary of the information upon which that determination was based.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| Cynthia Warmbier, et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   18-977 (BAH) |
| Democratic People's Republic of Korea | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                 The Bank of New York Mellon
                                     One Wall St., New York,  NY 10286

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A, which is attached and incorporated by reference as though fully set forth herein.

| Place: Sher Tremonte LLP<br>90 Broad Street, 23rd Floor<br>NY, NY 10004 | Date and Time:<br><br>02/03/2020 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/10/2020

CLERK OF COURT

                                                          OR

_____                    /s/ Justin Sher
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
Cynthia Warmbier and Frederick Warmbier                              , who issues or requests this subpoena, are:

Justin Sher, Sher Tremonte LLP, 90 Broad Street, Fl. 23, NY, NY 10024, 212-202-2651, jsher@shertremonte.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   18-977 (BAH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

1.  In connection with the $3,150,000.00 blocked under the North Korea Sanctions Regulations, 31 C.F.R. part 510 and the $60,000.00 blocked under the Weapons of Mass Destruction Proliferators Sanctions Regulations with a nexus to North Korea, 31 C.F.R. part 544, in the aggregate sum of $3,210,000.00 (the "Blocked Funds"), please provide a list of all accounts holding such Blocked Funds, together with each account number, name and address of each account holder, and exact amount in each account that was blocked.

2.  For each dollar amount of the Blocked Funds, please state the reason why such funds are blocked pursuant to the North Korea Sanctions Regulations, 31 C.F.R. part 510 and the Weapons of Mass Destruction Proliferators Sanctions Regulations with a nexus to North Korea, 31 C.F.R. part 544, including a reference to the specific provision(s) of the statute, as applicable. Please provide a brief summary of all information upon which such determination was made.

3.  a.    For each account identified in response to Question 1 above where the account holder(s) are the Democratic People's Republic of Korea and/or an agency or instrumentality thereof, state whether you have any information that any other person or entity has an interest in any of the Blocked Funds contained in such account and provide a brief summary of the information upon which that determination was based.

    b.    For each account identified in response to Question 1 where the account holder(s) are not the Democratic People's Republic of Korea and/or an agency or instrumentality thereof, state whether you have any information that the Democratic People's Republic of Korea, or any agency or instrumentality thereof, has an interest in any of the Blocked Funds contained in such account and provide a brief summary of the information upon which that determination was based.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WARMBIER, *et al.*, | |
| Plaintiffs, | Civil Action No. 18-977 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, | |
| Defendant. | |

## ORDER

Upon consideration of the plaintiffs' Motion for Default Judgment and, If Necessary, Motion for Evidentiary Hearing, ECF No. 16, the related legal memorandum in support thereof, the exhibits and declarations attached thereto, the evidentiary hearing conducted on December 19, 2018, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion issued contemporaneously with this Order, the Court finds that the plaintiffs have established their "claim[s] or right to relief by evidence satisfactory to the court," 28 U.S.C. § 1608(e), and it is hereby

**ORDERED** that the plaintiffs' Motion for Default Judgment is **GRANTED**; and it is further

**ORDERED** that the defendant Democratic People's Republic of Korea ("North Korea") shall be liable for damages in the amount of $501,134,683.80, which shall be allocated in the following manner:

1

- The estate of Otto Warmbier is entitled to the sum of $21,134,683.80 in compensatory damages and $150,000,000.00 in punitive damages; and

- Otto Warmbier's parents Frederick Warmbier and Cynthia Warmbier are each entitled to the sum of $15,000,000 in compensatory damages and $150,000,000 in punitive damages; and it is further

**ORDERED** that the plaintiffs shall, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order to the defendant North Korea; and it is further

**ORDERED** that the Clerk of the Court close this case.

**SO ORDERED**

Date: December 24, 2018

*This is a final and appealable Order.*

_____
BERYL A. HOWELL
Chief Judge

2

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| CYNTHIA WARMBIER, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | )   Case No. 1:18-cv-977 (BAH)) |
| v. | ) |
| | ) |
| DEMOCRATIC PEOPLE'S REPUBLIC | ) |
| OF KOREA, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

_____

## <u>PROTECTIVE ORDER</u>

Based upon the Court's consideration of this matter, including Rule 45 third-party
subpoenas ("Subpoenas") issued by Plaintiffs to various non-party banks, including Wells Fargo
Bank, N.A. ("Wells Fargo"), JPMorgan Chase Bank, N.A. ("JPMorgan") and The Bank of New
York Mellon ("BNY Mellon") (collectively, the "Banks"), and Plaintiffs' unopposed motion
concerning the Subpoenas, it is hereby ordered that Plaintiffs' motion for a protective order is
granted.  It is further ordered that:

1.      The Banks are authorized, pursuant to the terms set forth herein, to disclose
confidential information responsive to Plaintiffs' Subpoenas.

2.      All information produced in response to the Subpoenas is to be deemed
confidential ("Confidential Information") unless Plaintiffs are otherwise advised by the Banks in
writing.

3.      Confidential Information may be used only for the purpose of attempting to
collect upon the judgment entered in this litigation ("the *Warmbier* Litigation"), pursuant to
procedures authorized by law, and for no other purpose.

4.      No person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by Plaintiffs and the Banks, or by order of the Court.

5.      Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

      a.      the attorneys for parties to the *Warmbier* Litigation (including their paralegal, clerical or other assistants) or in any proceedings incident to Plaintiffs' efforts to collect on the judgment entered therein who have a legitimate need for Confidential Information in connection with those proceedings;

      b.      the courts and their support personnel in the *Warmbier* Litigation and in any proceedings incident to efforts to collect on the judgment entered therein;

      c.      persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the judgment entered in the *Warmbier* Litigation or those holding assets identified in the Confidential Information;

      d.      local or federal law enforcement personnel involved in any legal proceedings incident to efforts to collect on the judgment entered in the *Warmbier* Litigation;

    e.    any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on the judgment entered in the *Warmbier* Litigation, pursuant to procedures authorized by law; and

    f.    the parties' respective client representatives.

6.    To the extent Confidential Information is disclosed to persons described in subparagraphs 5(c)-(e), only those portions of the Confidential Information that are necessary for each specific proceeding incident to efforts to collect on the judgment in the *Warmbier* Litigation, or that relate to specific assets at issue, shall be disclosed to such persons. All persons described in subparagraphs 5(a)-(f) above shall be provided with a copy of this Protective Order and are hereby restricted to using Confidential Information only for purposes directly related to the satisfaction of the judgment entered in the *Warmbier* Litigation and for no other litigation or proceeding and for no business, commercial, competitive, personal or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7.    Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(a) and (e)–(f) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms by signing a copy of the attached Acknowledgment form.  A copy of each executed Acknowledgment shall be kept by counsel for the party on whose behalf disclosure is made pursuant to subparagraph 5(a) and (e)–(f).

8.    The termination of the *Warmbier* Litigation or any proceeding incident to efforts to collect on the judgment entered in the *Warmbier* Litigation shall not relieve any person or party provided Confidential Information of his, her or its obligations under this Order.

9.      All Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the Court, referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

10.      Within sixty (60) days of the resolution, by settlement or final judgment, of the last proceeding incident to efforts to collect on the judgment entered in the *Warmbier* Litigation, and the termination of any appeals therefrom, all Confidential Information, and copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court.  Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

11.      The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Order.

12.      Entry of this Order does not constitute a determination as to any right, privilege, or immunity that the Banks may have with respect to the Subpoenas, or any objection(s) the Banks may have to the Subpoenas.  The Banks' disclosure of information pursuant to this Order shall not constitute a waiver of any right, privilege, or immunity that they may have with respect to such information.  Nor does it constitute a determination by the Banks as to any legal rights that any party may have in any proceedings incident to efforts to collect on the judgment in the *Warmbier* Litigation.

13.      To the extent, if any, that this Protective Order is not governed by federal law (including but not limited to the Federal Rules of Civil Procedure), it shall be governed by, and construed in accordance with, the laws of the state in which the applicable Bank is located

4

(excluding the State's conflict-of-law rules).  Any action or proceeding related in any way to this Protective Order or the Subpoenas shall be brought in and resolved by the United States District Court in which the Bank in question is located.  The Bank and the Plaintiffs hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.  As to JPMorgan and BNY Mellon, any such action or proceeding shall be governed by, and construed in accordance with, the laws of the State of New York (excluding New York's conflict of law rules), and shall be brought in and resolved by the United States District Court for the Southern District of New York, in which Plaintiffs hereby irrevocably and unconditionally waive the right to contest personal jurisdiction or venue.

IT IS SO ORDERED, this __th day of May, 2020.


_____
The Honorable BERYL A. HOWELL
Chief Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WARMBIER, *et al.*, )<br><br>    *Plaintiffs,* )<br><br>        v. )<br><br>DEMOCRATIC PEOPLE'S REPUBLIC<br>OF KOREA, )<br><br>    *Defendant.* ) | Case No. 1:18-cv-977 (BAH) |

## **ACKNOWLEDGMENT OF PROTECTIVE ORDER**

The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the United States District Court for the District of Columbia in the above-captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of this case and are permanently binding and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

_____
[Date]

_____
[Print Name]

_____
[Signature]