UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

CYNTHIA WARMBIER, *et al.*,

        *Plaintiffs,*

        v.

DEMOCRATIC PEOPLE'S REPUBLIC
OF KOREA,

        *Defendant.*
_____

Case No. 1:18-cv-977 (BAH))

## PROTECTIVE ORDER

Based upon the Court's consideration of this matter, including Rule 45 third-party subpoenas ("Subpoenas") issued by Plaintiffs to various non-party banks, including Wells Fargo Bank, N.A. ("Wells Fargo"), JPMorgan Chase Bank, N.A. ("JPMorgan") and The Bank of New York Mellon ("BNY Mellon") (collectively, the "Banks"), and Plaintiffs' unopposed motion concerning the Subpoenas, it is hereby ordered that Plaintiffs' motion for a protective order is granted.  It is further ordered that:

    1.    The Banks are authorized, pursuant to the terms set forth herein, to disclose confidential information responsive to Plaintiffs' Subpoenas.

    2.    All information produced in response to the Subpoenas is to be deemed confidential ("Confidential Information") unless Plaintiffs are otherwise advised by the Banks in writing.

    3.    Confidential Information may be used only for the purpose of attempting to collect upon the judgment entered in this litigation ("the *Warmbier* Litigation"), pursuant to procedures authorized by law, and for no other purpose.

4.  No person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided in this Order, as otherwise agreed upon by Plaintiffs and the Banks, or by order of the Court.

5.  Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

   a. the attorneys for parties to the *Warmbier* Litigation (including their paralegal, clerical or other assistants) or in any proceedings incident to Plaintiffs' efforts to collect on the judgment entered therein who have a legitimate need for Confidential Information in connection with those proceedings;

   b. the courts and their support personnel in the *Warmbier* Litigation and in any proceedings incident to efforts to collect on the judgment entered therein;

   c. persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the judgment entered in the *Warmbier* Litigation or those holding assets identified in the Confidential Information;

   d. local or federal law enforcement personnel involved in any legal proceedings incident to efforts to collect on the judgment entered in the *Warmbier* Litigation;

    e. any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on the judgment entered in the *Warmbier* Litigation, pursuant to procedures authorized by law; and

    f. the parties' respective client representatives.

  6. To the extent Confidential Information is disclosed to persons described in subparagraphs 5(c)-(e), only those portions of the Confidential Information that are necessary for each specific proceeding incident to efforts to collect on the judgment in the *Warmbier* Litigation, or that relate to specific assets at issue, shall be disclosed to such persons. All persons described in subparagraphs 5(a)-(f) above shall be provided with a copy of this Protective Order and are hereby restricted to using Confidential Information only for purposes directly related to the satisfaction of the judgment entered in the *Warmbier* Litigation and for no other litigation or proceeding and for no business, commercial, competitive, personal or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

  7. Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(a) and (e)–(f) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms by signing a copy of the attached Acknowledgment form.  A copy of each executed Acknowledgment shall be kept by counsel for the party on whose behalf disclosure is made pursuant to subparagraph 5(a) and (e)–(f).

  8. The termination of the *Warmbier* Litigation or any proceeding incident to efforts to collect on the judgment entered in the *Warmbier* Litigation shall not relieve any person or party provided Confidential Information of his, her or its obligations under this Order.

9. All Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the Court, referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the Court.

10. Within sixty (60) days of the resolution, by settlement or final judgment, of the last proceeding incident to efforts to collect on the judgment entered in the *Warmbier* Litigation, and the termination of any appeals therefrom, all Confidential Information, and copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Order.

11. The provisions of this Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information which were, are, or become public knowledge not in violation of this Order.

12. Entry of this Order does not constitute a determination as to any right, privilege, or immunity that the Banks may have with respect to the Subpoenas, or any objection(s) the Banks may have to the Subpoenas. The Banks' disclosure of information pursuant to this Order shall not constitute a waiver of any right, privilege, or immunity that they may have with respect to such information. Nor does it constitute a determination by the Banks as to any legal rights that any party may have in any proceedings incident to efforts to collect on the judgment in the *Warmbier* Litigation.

13. To the extent, if any, that this Protective Order is not governed by federal law (including but not limited to the Federal Rules of Civil Procedure), it shall be governed by, and construed in accordance with, the laws of the state in which the applicable Bank is located

(excluding the State's conflict-of-law rules).  Any action or proceeding related in any way to this Protective Order or the Subpoenas shall be brought in and resolved by the United States District Court in which the Bank in question is located.  The Bank and the Plaintiffs hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.  As to JPMorgan and BNY Mellon, any such action or proceeding shall be governed by, and construed in accordance with, the laws of the State of New York (excluding New York's conflict of law rules), and shall be brought in and resolved by the United States District Court for the Southern District of New York, in which Plaintiffs hereby irrevocably and unconditionally waive the right to contest personal jurisdiction or venue.

      IT IS SO ORDERED, this 11th day of May, 2020.

                                                      _____
                                                      The Honorable BERYL A. HOWELL
                                                      Chief Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WARMBIER, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA, <br><br> *Defendant.* | Case No. 1:18-cv-977 (BAH) |

### ACKNOWLEDGMENT OF PROTECTIVE ORDER

    The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the United States District Court for the District of Columbia in the above-captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of this case and are permanently binding and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

_____          _____
[Date]                                                [Print Name]

                                                                              _____
                                                                              [Signature]