IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYNTHIA WARMBIER, *et al.*, )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>DEMOCRATIC PEOPLE'S REPUBLIC )<br>OF KOREA, )<br>)<br>*Defendant.* )<br>) | Case No. 1:18-cv-977 (BAH) |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Plaintiffs Cynthia Warmbier and Frederick Warmbier hereby move for entry of a protective order authorizing the disclosure of certain information responsive to a subpoena served by Plaintiffs in the above-captioned matter to non-party respondent Office of the New York State Comptroller (the "State Comptroller"). Counsel for the Plaintiffs have conferred with counsel for the State Comptroller, who stated that the State Comptroller consents to the relief requested in this motion.

### INTRODUCTION

Plaintiffs hold a judgment issued by this Court against Defendant in this matter. *See* Order, Dec. 24, 2018, ECF No. 24. On October 6, 2020, Plaintiffs served a third-party subpoena to the State Comptroller seeking certain information in the possession of the State Comptroller relevant to the Plaintiffs' efforts to enforce the judgment in this matter.

The State Comptroller has agreed to provide Plaintiffs with all information responsive to the Subpoena, subject to the Court's entry of the attached proposed protective order (the "Proposed

1

Protective Order") in order to protect the confidential nature of certain of the responsive information. *See* Exhibit A. Thus, while Plaintiffs do not waive any right, privilege, or immunity to which they may be entitled, they respectfully request that the Court authorize the disclosure of information responsive to the Subpoena via the Proposed Protective Order.[1]

## ARGUMENT

## THE PROPOSED PROTECTIVE ORDER SHOULD BE ENTERED.

Protective orders regarding the confidentiality of discovery materials are governed by Federal Rule of Civil Procedure 26(c), which states that the Court "may, for good cause, issue an order to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Federal Rule of Civil Procedure 26(c)(G) allows the Court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs and the State Comptroller agree to the Proposed Protective Order to govern the confidentiality designation of discovery materials. The Proposed Protective Order should be entered because certain information that the State Comptroller has agreed to provide to the Plaintiffs may include confidential information relating to the funds at issue. *See* N.Y. ABAND. PROP. LAW § 1401 (McKinney 2011) (imposing certain confidentiality protections on information maintained by State Comptroller); *In re ULLICO Inc., Litigation*, 237 F.R.D. 314, 317 (D.D.C. 2006) (discussing stipulated protective order regarding "confidential" documents). Accordingly, the Court should grant the Proposed Protective Order based on good cause.

---

[1] As noted in the Proposed Protective Order, the Court's entry of that order will resolve only the question of whether disclosure is authorized. It does not constitute a determination as to any other privilege or immunity the State Comptroller may have as to any information potentially responsive to the Subpoena or any other objection the State Comptroller may have to the Subpoena.

## CONCLUSION

For the reasons set forth herein, Plaintiffs request that this Court enter the attached Proposed Protective Order authorizing the State Comptroller to disclose certain information in response to the Subpoena.

Dated: November 24, 2020

Respectfully submitted,

By: /s/ Benjamin L. Hatch
Benjamin L. Hatch (D.C. Bar # 1044804)
bhatch@mcguirewoods.com
McGuireWoods LLP
2001 K Street N.W.
Suite 400
Washington, DC 20006
Tel: (757) 640-3727
Fax: (757) 640-3947

*Counsel for Plaintiffs*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WARMBIER, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> DEMOCRATIC PEOPLE'S ) <br> REPUBLIC OF KOREA, ) <br> ) <br> *Defendant.* ) <br> ) | Case No. 1:18-cv-977(BAH) |

## STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

The Plaintiffs Cynthia Warmbier and Frederick Warmbier ("Plaintiffs") have served non-party Office of the New York State Comptroller (the "State Comptroller") with a subpoena (the "Subpoena") pursuant to their efforts to collect on the judgment in the above-captioned matter (the "*Warmbier* Litigation"). The Plaintiffs and the State Comptroller stipulate, subject to approval and entry by the Court, to the following Stipulated Protective Order:

1. Pursuant to the terms set forth herein, all information produced in response to the Subpoena, and any portions thereof, are to be deemed confidential ("Confidential Information"), unless the Plaintiffs are otherwise advised by the State Comptroller in writing.

2. The term "Confidential Information" includes all documents and other information concerning the account(s) about which information is furnished, made available, or otherwise disclosed to the Plaintiffs by the State Comptroller. Confidential Information shall exclude information which: (i) was or becomes generally available to the public other than as a result of a disclosure by the State Comptroller to the Plaintiffs or the Plaintiffs' agents or a breach of the confidentiality obligations set forth in this Stipulated Protective Order; (ii) was

available to the Plaintiffs on a non-confidential basis prior to its disclosure by the State Comptroller; or (iii) becomes available to the Plaintiffs on a non-confidential basis from an independent source, provided that such source was not itself bound by an obligation of confidentiality owed to the State Comptroller.

3. Confidential Information may be used only for the purpose of attempting to collect upon the judgment entered in the *Warmbier* Litigation on December 24, 2018 (the "Judgment"), pursuant to procedures authorized by law, and for no other purpose.

4. No person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided in this Stipulated Protective Order, as otherwise agreed upon by the Plaintiffs and the State Comptroller in writing, or by order of the Court.

5. Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

    a. The Plaintiffs and the attorneys for the parties in the *Warmbier* Litigation (including their paralegal, clerical, or other assistants) or in any proceedings incident to efforts to collect on the Judgment who have a need therefore in connection with said proceedings;

    b. the courts and their support personnel in the *Warmbier* Litigation and in any proceedings incident to efforts to collect on the Judgment;

    c. persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the Judgment or those holding assets identified in the Confidential Information;

      d.      local, state, or federal law enforcement personnel involved in any legal proceedings incident to efforts to collect on the Judgment;

      e.      any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on the Judgment, pursuant to procedures authorized by law, including, for example, any individuals or entities engaged by the Plaintiffs or their attorneys in the *Warmbier* Litigation to assist in efforts to collect on the Judgment, who may serve as potential expert witnesses; and

      f.      the respective client representatives of the parties.

6.      To the extent that Confidential Information is disclosed to persons described in subparagraphs 5(c)-(e), only those portions of the Confidential Information that are necessary for each specific proceeding incident to efforts to collect on the Judgment or that relate to specific assets at issue shall be disclosed to such persons. All persons described in subparagraphs 5(a)-(f) above shall be provided with a copy of this Protective Order and are hereby restricted to using Confidential Information only for purposes directly related to the satisfaction of the Judgment and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7.      Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(a) and 5(e)-(f) unless and until such person has been shown this Stipulated Protective Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment form. A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of which disclosure is made pursuant to subparagraph 5(a) and 5(e)-(f).

8. Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the court referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the court, unless, however, counsel for Plaintiffs and State Comptroller confer prior to any filing and mutually agree in writing that particular Confidential Information may be filed publicly. Alternatively, the Plaintiffs may attempt to have the Confidential Information (i) reviewed *in camera* by the court and/or (ii) filed with Confidential Information redacted.

9. Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on the Judgment by settlement or final judgment, and the termination of any appeals therefrom, all Confidential Information, and any copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Stipulated Protective Order," and to which shall be attached a copy of this Order.

10. The termination of the *Warmbier* Litigation or any proceeding incident to efforts to collect on the Judgment shall not relieve any person or party provided Confidential Information of his, her or its obligations under this Stipulated Protective Order.

11. Neither the entry of this Stipulated Protective Order, nor the disclosure of any information pursuant thereto, shall constitute a waiver of any right, privilege or immunity to which the State Comptroller may be entitled. Nor does it constitute a determination by the State Comptroller with respect to any legal rights that any party may have in any proceedings incident to efforts to collect on the Judgment.

Dated: November 19, 2020.


By: _____*Jason Cowley*_____
Jason Cowley
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020
Telephone: (212) 548-2138
Email: jcowley@mcguirewoods.com

*Attorney for Plaintiffs*

By: _____
Michael D. Kogut
State of New York,
Office of the State Comptroller
110 State Street
Albany, NY 12236
Telephone: (518) 408-4484
Email: mkogut@osc.ny.gov

*Attorney for Office of the State Comptroller*


SO ORDERED this ___th day of November, 2020.

_____

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WARMBIER, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-977(BAH) |
| ) | |
| DEMOCRATIC PEOPLE'S ) | |
| REPUBLIC OF KOREA, ) | |
| ) | |
| *Defendant*. ) | |

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

The undersigned hereby declares under penalty of perjury that he or she has read the Stipulated Protective Order entered by the United States District Court for the District of Columbia in the above-captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of this case and are permanently binding and that failure to comply with the terms of the Order may result the imposition of sanctions by the Court.

_____
[Date]

_____
[Print Name]

_____
[Signature]