IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CYNTHIA WARMBIER, *et al.*, ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> DEMOCRATIC PEOPLE'S ) <br> REPUBLIC OF KOREA, ) <br> ) <br> *Defendant.* ) <br> ) | Case No. 1:18-cv-977 (BAH) |

**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

The Plaintiffs Cynthia Warmbier and Frederick Warmbier ("Plaintiffs") have served non-party Office of the New York State Comptroller (the "State Comptroller") with a subpoena (the "Subpoena") pursuant to their efforts to collect on the judgment in the above-captioned matter (the "*Warmbier* Litigation"). The Plaintiffs and the State Comptroller stipulate, subject to approval and entry by the Court, to the following Stipulated Protective Order:

1. Pursuant to the terms set forth herein, all information produced in response to the Subpoena, and any portions thereof, are to be deemed confidential ("Confidential Information"), unless the Plaintiffs are otherwise advised by the State Comptroller in writing.

2. The term "Confidential Information" includes all documents and other information concerning the account(s) about which information is furnished, made available, or otherwise disclosed to the Plaintiffs by the State Comptroller. Confidential Information shall exclude information which: (i) was or becomes generally available to the public other than as a result of a disclosure by the State Comptroller to the Plaintiffs or the Plaintiffs' agents or a breach of the confidentiality obligations set forth in this Stipulated Protective Order; (ii) was

available to the Plaintiffs on a non-confidential basis prior to its disclosure by the State Comptroller; or (iii) becomes available to the Plaintiffs on a non-confidential basis from an independent source, provided that such source was not itself bound by an obligation of confidentiality owed to the State Comptroller.

3.  Confidential Information may be used only for the purpose of attempting to collect upon the judgment entered in the *Warmbier* Litigation on December 24, 2018 (the "Judgment"), pursuant to procedures authorized by law, and for no other purpose.

4.  No person shall be permitted to have access to Confidential Information, nor shall any person be informed of the substance of the Confidential Information by any person permitted to have access thereto, except as provided in this Stipulated Protective Order, as otherwise agreed upon by the Plaintiffs and the State Comptroller in writing, or by order of the Court.

5.  Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

   a.   The Plaintiffs and the attorneys for the parties in the *Warmbier* Litigation (including their paralegal, clerical, or other assistants) or in any proceedings incident to efforts to collect on the Judgment who have a need therefore in connection with said proceedings;

   b.   the courts and their support personnel in the *Warmbier* Litigation and in any proceedings incident to efforts to collect on the Judgment;

   c.   persons and entities and their counsel served with writs of attachment or other legal process incident to efforts to collect on the Judgment or those holding assets identified in the Confidential Information;

      d.    local, state, or federal law enforcement personnel involved in any legal proceedings incident to efforts to collect on the Judgment;

      e.    any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on the Judgment, pursuant to procedures authorized by law, including, for example, any individuals or entities engaged by the Plaintiffs or their attorneys in the *Warmbier* Litigation to assist in efforts to collect on the Judgment, who may serve as potential expert witnesses; and

      f.    the respective client representatives of the parties.

6.    To the extent that Confidential Information is disclosed to persons described in subparagraphs 5(c)-(e), only those portions of the Confidential Information that are necessary for each specific proceeding incident to efforts to collect on the Judgment or that relate to specific assets at issue shall be disclosed to such persons. All persons described in subparagraphs 5(a)-(f) above shall be provided with a copy of this Protective Order and are hereby restricted to using Confidential Information only for purposes directly related to the satisfaction of the Judgment and not for any other litigation or proceeding or for any business, commercial, competitive, personal or other purpose. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate the permitted use hereunder.

7.    Confidential Information shall not be disclosed to any person or persons described under subparagraph 5(a) and 5(e)-(f) unless and until such person has been shown this Stipulated Protective Order and has agreed in writing to be bound by its terms, by signing a copy of the attached Acknowledgment form. A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of which disclosure is made pursuant to subparagraph 5(a) and 5(e)-(f).

8. Confidential Information that is filed with any court, and any pleadings, motions, exhibits, or other papers filed with the court referencing or containing Confidential Information, shall be filed under seal and kept under seal until further order of the court, unless, however, counsel for Plaintiffs and State Comptroller confer prior to any filing and mutually agree in writing that particular Confidential Information may be filed publicly.  Alternatively, the Plaintiffs may attempt to have the Confidential Information (i) reviewed *in camera* by the court and/or (ii) filed with Confidential Information redacted.

9. Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on the Judgment by settlement or final judgment, and the termination of any appeals therefrom, all Confidential Information, and any copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials. Any such retained materials shall be placed in an envelope or envelopes marked "Confidential Information Subject to Stipulated Protective Order," and to which shall be attached a copy of this Order.

10. The termination of the *Warmbier* Litigation or any proceeding incident to efforts to collect on the Judgment shall not relieve any person or party provided Confidential Information of his, her or its obligations under this Stipulated Protective Order.

11. Neither the entry of this Stipulated Protective Order, nor the disclosure of any information pursuant thereto, shall constitute a waiver of any right, privilege or immunity to which the State Comptroller may be entitled. Nor does it constitute a determination by the State Comptroller with respect to any legal rights that any party may have in any proceedings incident to efforts to collect on the Judgment.

Dated: November 19, 2020.

By: *Jason Cowley*  
Jason Cowley  
McGuireWoods LLP  
1251 Avenue of the Americas, 20th Floor  
New York, NY 10020  
Telephone: (212) 548-2138  
Email: jcowley@mcguirewoods.com

*Attorney for Plaintiffs*

By: _____  
Michael D. Kogut  
State of New York,  
Office of the State Comptroller  
110 State Street  
Albany, NY 12236  
Telephone: (518) 408-4484  
Email: mkogut@osc.ny.gov

*Attorney for Office of the State Comptroller*

SO ORDERED this 25th day of November 2020.

_____  
BERYL A. HOWELL  
Chief Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYNTHIA WARMBIER, *et al.*,<br><br>        *Plaintiffs*,<br><br>        v.<br><br>DEMOCRATIC PEOPLE'S<br>REPUBLIC OF KOREA,<br><br>        *Defendant*. | Case No. 1:18-cv-977(BAH) |

## **ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

The undersigned hereby declares under penalty of perjury that he or she has read the Stipulated Protective Order entered by the United States District Court for the District of Columbia in the above-captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of this case and are permanently binding and that failure to comply with the terms of the Order may result the imposition of sanctions by the Court.

_____
[Date]

_____
[Print Name]

_____
[Signature]