IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYNTHIA WARMBIER, *et al.*, )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>DEMOCRATIC PEOPLE'S REPUBLIC )<br>OF KOREA, )<br>)<br>*Defendant.* )<br>) | Case No. 1:18-cv-977 (BAH) |

**UNOPPOSED MOTION ON BEHALF OF OFFICE OF FOREIGN ASSETS CONTROL
FOR PROTECTIVE ORDER AUTHORIZING DISCLOSURE OF INFORMATION
SUBJECT TO THE TRADE SECRETS ACT**

The U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), a non-party respondent to a subpoena issued by Plaintiffs in the above-captioned matter under Rule 45 of the Federal Rules of Civil Procedure, hereby moves for entry of a protective order authorizing the disclosure of certain information responsive to that subpoena. The undersigned counsel has conferred with counsel for Plaintiffs, who stated that Plaintiffs consent to the relief requested in this motion.

**INTRODUCTION**

Plaintiffs hold a judgment issued by this Court against Defendant in this matter. *See* Order, Dec. 24, 2018, ECF No. 24. On April 13, 2023, Plaintiffs transmitted to OFAC a third-party subpoena seeking certain information from OFAC regarding any crypto currency or digital assets blocked under various Executive Orders or the "North Korea Sanctions Regulations."

OFAC has agreed to provide Plaintiffs with certain information responsive to Plaintiffs' subpoena and has no objection to the use of that information in judgment collection efforts in

relation to this case, subject to a protective order from this Court. Without a protective order, the release of this information might violate the Trade Secrets Act ("TSA"), 18 U.S.C. § 1905, which imposes criminal penalties for the disclosure of information falling within its terms without appropriate authorization of law.[1]  Thus, while OFAC does not waive any right, privilege, or immunity to which it may be entitled, it respectfully requests that, in light of the prohibitions of the TSA, the Court authorize its disclosure of information responsive to Plaintiffs' subpoena via the attached proposed protective order.[2]

## ARGUMENT

### THE PROPOSED PROTECTIVE ORDER SHOULD BE ENTERED.

TSA "is a general criminal statue that provides a penalty for any employee of the United States Government who discloses, in a manner not authorized by law, any trade-secret information that is revealed to him during the course of his official duties." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1008 (1984). TSA provides:

> **§ 1905.  Disclosure of confidential information generally.**
>
> Whoever, being an officer or employee of the United States or of any department or agency thereof . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or

---

[1] OFAC takes no position as to whether any of the assets that may be identified as a result of its disclosure ultimately may be available for attachment.  Nor does OFAC intend to waive or compromise in any way the United States' ability to state its views in future litigation as to the attachability of these assets.

[2] As noted in the proposed protective order, the Court's entry of that order will resolve only the question of whether disclosure is authorized under the TSA.  It does not constitute a determination as to any other privilege or immunity OFAC or any other person may have as to any information potentially responsive to Plaintiffs' subpoena or any other objection OFAC or any other person may have to Plaintiffs' subpoena.

> to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905.

"The language of [TSA]" has been described as "exceedingly broad," even "oceanic." *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1140 (D.C. Cir. 1987).  TSA thus has been held to "'encompass[] virtually every category of business information likely to be in the files' of an agency" and therefore "to cover practically any commercial or financial data collected by any federal employee from any source in performance of the duties of his or her employment." *Id.* (quoting *Chrysler Corp. v. Schlesinger*, 565 F.2d 1172, 1186 (3d Cir. 1977)).

A disclosure prohibited by TSA is permitted if the disclosure is "pursuant to a lawfully issued judicial order." *United States v. Liebert*, 519 F.2d 542, 546 (3d Cir. 1975).  Although a subpoena is "signed by the clerk of the court, is issued in the name of the court, and carries with it the contempt power," the requirement of a judicial order "carr[ies] with it a connotation of more than *pro forma* court involvement." *Doe v. DiGenova*, 779 F.2d 74, 81 (D.C. Cir. 1985). A bare subpoena therefore does not authorize the Federal Government to make a disclosure it otherwise is prohibited by law from making.  *See id.* at 85 (holding that "subpoenas—grand jury or otherwise—" do not permit disclosures that the Federal Government is prohibited by the Privacy Act from making because subpoenas "do not qualify as 'order[s] of a court of competent jurisdiction' under [the Privacy Act], unless they are specifically approved by a court"). Protective orders similar to the one for which OFAC moves have been entered in other cases,[3] as

---

[3] *E.g.*, *Malina v. Syrian Arab Rep.*, No. 1:11-cv-00093-JMF (D.D.C.), ECF No. 64 (entering protective order on Nov. 5, 2018); *Thuneibat v. Syrian Arab Rep.*, No. 1:12-cv-00020-BAH

well as in relation to four earlier subpoenas in this case, ECF Nos. 34, 44, 49, 51. The protective order for which OFAC now moves should be entered as well.

## CONCLUSION

For the reasons set forth herein, OFAC requests that this Court enter the attached proposed protective order authorizing OFAC to disclose certain information in response to Plaintiffs' subpoena.

Dated: May 2, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Director

/s/ *James Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone:  (202) 353-0543
Email:  james.r.powers@usdoj.gov

*Counsel for OFAC*

---

(D.D.C.), ECF No. 40 (entering protective order on Nov. 1, 2018); *Kirschenbaum v. Islamic Rep. of Iran*, No. 1:08-cv-01814-RCL (D.D.C.), ECF No. 45 (entering protective order on Oct. 10, 2018); *Baker v. Great Socialist People's Libyan Arab Jamahiriya*, No. 1:03-cv-00749-GMH (D.D.C.), ECF No. 148 (entering protective order on Feb. 20, 2018).